IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JO ANN HOFFMANN                                                                          PLAINTIFF

v.                                    Civil No. 06-5073

MAX WILCOX, Commissioner of
Lands; KYLA WATERS; BENTLEY
HOVIS; CHRISTY SMITH; ET AL.                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jo Ann Hoffmann filed this civil rights action on April 26, 2006. She proceed pro se and *in forma pauperis* (IFP). It is now determined whether it should be served upon the defendants.

### I. Background

Jo Ann Hoffmann filed a twenty-one page "complaint/probable cause action." The complaint is accompanied by voluminous exhibits. The materials are at best difficult to follow. However, it is appears that Hoffmann believes her residence at 10 Pershore Lane, Bella Vista, Arkansas, was improperly forfeited for delinquent real estate taxes on June 16, 1998, by the then Land Commissioner, Charlie Daniels, and Benton County Collector, David Green.

Hoffmann was apparently involved in a divorce action in the early 1990's and was subject to a property settlement agreement approved by the court in case number E-91-128-2 and found binding in case number E-92-299-1. Hoffmann indicates the property was involved in a fire in June of 1992 and sustained $27,323.09 worth of structural damage that was covered by insurance. However, she contends the insurance payment was not sent to the court as it should

-1-

have been but was instead released by the bank to Metro Builders and Restoration Specialists, Inc. Hoffmann contends this was an illegal act.

Hoffmann contends the Benton County Prosecuting Attorney's Office failed to investigate her complaints of criminal activity and of the tampering with of public records. Hoffmann contends she was denied due process, exculpatory information was kept from her, and legal instruments were altered.

Hoffmann contends "her home" was "illegally" sold on April 1, 2004, by the Land Commissioner for the State of Arkansas. It is alleged that in December of 2004, Kyla Waters, an administrative aide to the Land Commissioner, provided a quit claim deed to the property. Hoffmann asserts she had been telling Waters since 1998 that the quit claim deed was not authorized.

A letter from the Commissioner of State Lands dated April 1, 2004, advises Hoffmann that the property has been certified for delinquent taxes and that unless all taxes, penalties, interests, and costs are paid to the office a deed conveying title to a new owner will be issued on May 31, 2004. The year forfeited is listed as 1995.

One of the attachments to the complaint is a copy of the Benton County tax records for the property located at 10 Pershore Lane. The tax records list the property owner since 1998 as Land Sales Associates of Los Angeles, California, a named defendant.

Hoffman purports to assert claims under the first, second, and third clauses of 42 U.S.C. § 1985. She also asserts a right to counsel under 42 U.S.C. § 2000b(b) and states she is covered by the PAIR program of the Special Education Department of the State.

AO72A
(Rev. 8/82)

## II. Discussion

Hoffmann's complaint is subject to dismissal. First, a private citizen may not bring a cause of action under 42 U.S.C. § 2000b(b). Instead, that statutory provision is designed for the attorney general to initiate actions on behalf of persons unable to initiate and maintain legal actions. *Booker v. Anderson* 83 F.R.D. 284, 291 (N.D. Miss. 1979).

Second, a private citizen has no right to institute criminal prosecution against others. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Third, to the extent Hoffmann brings claims based on the alleged failures of various defendants including United States Attorney P.K. Holmes, Bill Cromwell, Bob Balfe, members of the Federal Bureau of Investigation, the Secret Service, Congress, and the Federal Reserve Board, to faithfully execute their duties of office and to uphold their oath of office thereby depriving her of her rights, the claims are subject to dismissal. These generalized allegations are simply insufficient to state a claim. *See e.g., Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975).

Fourth, Hoffmann's claims against various members of the Office of the Prosecutor including David Clinger, Brad Butler, Robin Green, Bob Balfe, George Spence, Chris Plumlee, and Chris Crain, are subject to dismissal. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the

State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Anderson v. Larson*, 327 F.3d 762, 770 (8th Cir. 2003)("Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.").

This same rule extends to claims brought under § 1981, § 1985 and § 1986. *See e.g., Snelling v. Westoff*, 972 F.2d 199 (8th Cir. 1992)(applying absolute immunity to conspiracy claims brought against prosecutor under § 1985 and § 1986); *Hancock v. Washtenaw County Prosecutor's Office,* 548 F. Supp. 1255 (D. Mich. 1982)(applying absolute immunity to case brought against a prosecutor under § 1981). Additionally, the Arkansas Supreme Court has adopted this same rule in determining whether absolute immunity applies to state prosecutors when *state law* causes of action are asserted. *Newton v. Etoch*, 332 Ark. 325, 335-39 (1998)(applying *Buckley* standard where claims of false imprisonment, malicious prosecution, abuse of process, outrage and slander were asserted against a deputy prosecuting attorney).

Hoffmann maintains these individuals failed to bring charges against those who engaged in criminal activity. The actions of these individuals as described in the complaint fall under that category of prosecutorial functions which are "intimately associated with the judicial process." Such functions include the initiation and pursuit of a criminal prosecution and the decision

-4-

whether to proceed with prosecution. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)(prosecutors *preparation* of an affidavit summarizing the evidence supporting finding of probable cause, her decision that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and motion to the court are part of an advocate's function as are protected by absolute immunity); *Anderson v. Larson*, 327 F.3d 762, 768-760 (8th Cir. 2003)(prosecutor entitled to absolute immunity for his involvement in cooperation agreement, the decision to drop charges against one individual and to initiate an investigation against another individual); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996)("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."). *See also Newton v. Etoch*, 332 Ark. at 339(prosecutor absolutely immune from claims of malicious prosecution and abuse of process where conduct alleged falls within traditional prosecutorial functions and is intimately connected to his role as prosecutor).

Fifth, the various judges named as defendants including Judge Oliver Adams, Judge Don Huffman, Judge David Clinger, Judge John Scott, Judge Bradley Jesson, Judge Mary Spencer McGowan, Judge Ken Stebner, and Judge Wade Waldrip are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Sixth, to the extent Hoffmann challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would

-5-

vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted). *See also Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003)(Until plaintiff has exhausted his state court remedies, his Fifth Amendment takings claim may not be brought in federal court). No argument is made that Hoffmann did not have notice of the forfeiture and tax sale. *See e.g., Karkoukli's Inc. v. Dohany*, 409 F.3d 279 (6th Cir. 2005).

Seventh, to the extent Hoffman is attempting to assert claims under 42 U.S.C. § 1983, the claims fail. Several of the named defendants are private citizens who were merely involved in some manner with the handling of Hoffmann's property. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

To the extent alleges that Hoffmann alleges her property has been taken, the claim fails. Neither the negligent nor the intentional taking of property states a claim of constitutional dimension if adequate post-deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Adequate post-deprivation remedies exist because Arkansas recognizes a cause of action for conversion.

Moreover, it appears at least certain of the events Hoffmann complains about occurred

more than three years before the filing of this complaint and are barred by the applicable statute of limitations. A three year statute of limitations applies to § 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)(in § 1983 actions courts should apply the state statute of limitations applicable to personal injury torts); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992) (personal injury action in Arkansas governed by three-year statute of limitations); *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir.1991) (statute of limitations in Arkansas for § 1983 action is three years). Thus, to the extent Hoffmann challenges under § 1983 actions occurring more than three years prior to the filing of the complaint, those claims are barred.

Eighth, Hoffmann's claims under 42 U.S.C. § 1985 fail. As the Supreme Court noted in *Kush v. Rutledge*, 460 U.S. 719, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983), § 1985 prescribes five types of conspiracies that interfere with:

> (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections.

*Kush*, 460 U.S. at 724.

The first subpart, § 1985(1), deals with a conspiracy to prevent an federal officer from performing his duties. 42 U.S.C. § 1985(1). It requires a conspiracy between two or more persons in any state to prevent a person from holding office under the United States or from discharging his duties. This subpart is obviously inapplicable to Hoffmann's claims.

The first clause of subpart two, § 1985(2), deals with conspiracies to obstruct justice in any court of the United States or to intimidate a party, witness, or juror. The second clause of

-7-

subpart two, § 1985(2), deals with conspiracies to obstruct justice in any state court. *Coleman v. Garber*, 800 F.2d 188, 190 (8th Cir. 1986). It provides as follows: "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2).

Hoffmann clearly fails to "state a cause of action under the second part of section 1985(2) because [she] fail[s] to allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Coleman*, 800 F.2d at 191 (*quoting Kush*, 460 U.S. at 726, 103 S. Ct. at 1487).

The first clause of subpart three, § 1985(3), deals with conspiracies to interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws." "To prove a § 1985(3) claim: [A] complaint must allege that the defendants did (1) 'conspire . . . ' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of the conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'" *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996)(*quoting Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971)).

AO72A
(Rev. 8/82)

The conspiracy must be shown to be "fueled by some 'class-based, invidiously discriminatory animus.'" *Andrews*, 98 F.3d at 1079 (*quoting Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34 (1993)). Here, Hoffmann has not alleged that the defendants acted with class-based animus. Further, Hoffmann has not alleged she is a member of a protected class. As class-based animus is an element of a cause of action under 42 U.S.C. § 1985(3), Hoffmann's claim is subject to dismissal.

Furthermore, the claims against any of the officials of the United States are barred by sovereign immunity. The United States has not waived its sovereign immunity in § 1985 actions. *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985)(United States has not waived sovereign immunity for suits based on alleged constitutional violations by its employees); *Perrott v. United States,* 2001 WL 873017 (N.D. Ill. Aug. 2, 2001)(United States not waived sovereign immunity in § 1985 actions).

Finally, many of the factual allegations contained in the complaint are irrational, incomprehensible, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

### III. Conclusion

I therefore recommend Hoffmann's claims be dismissed on the grounds that they are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Hoffmann has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hoffmann is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)